IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| COREY EDWARD BLUE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 109-063 |
| | ) | |
| WILLIAM TERRY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Corey Edward Blue filed the above-captioned case pursuant to 28 U.S.C. § 2254. The petition is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] For the reasons set forth below, the Court **FINDS** that the petition for habeas corpus relief is time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that this § 2254 petition be **DISMISSED** as untimely and that this civil action be **CLOSED**.

---

[1]Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

# I. BACKGROUND

According to Petitioner, he pled guilty to one count of hijacking a motor vehicle and one count of kidnapping in the Superior Court of McDuffie County on September 21, 1995. (Doc. no. 1, pp. 3-4). He was sentenced to twenty (20) years of imprisonment on each count, to be served consecutively, and he did not file an appeal. (Id. at 4). However, Petitioner reports that he did file a motion for an out-of-time appeal almost 9 years later on September 1, 2004 in McDuffie County, based on claims of ineffective assistance of counsel, "prosecutorial vindictiveness," and "abuse of discretion." (Id.). Petitioner's motion was denied on October 6, 2004. (Id. at 5). Petitioner states that he then filed a petition for a writ of habeas court in the Superior Court of Macon County, again claiming ineffective assistance of counsel, prosecutorial vindictiveness, and abuse of discretion. (Id.). Following an evidentiary hearing, the state habeas court denied him relief on October 25, 2007. (Id.).[2] Petitioner then filed the instant petition for a federal writ of habeas corpus on June 19, 2009, in which he alleges the same grounds for relief that he did in his motion for an out-of-time appeal and state habeas petition. (Doc. no. 1, pp. 7-8).

# II. DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

---

[2]Petitioner does not report whether he filed a certificate of probable cause to appeal the denial of his state habeas petition.

2

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### A. Finality of Petitioner's Conviction

Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." As noted above, Petitioner pled guilty and a judgment of conviction was entered in September 1995, but Petitioner did not file an appeal. Thus, his conviction became final when the thirty (30) days for filing a notice of appeal expired. See O.C.G.A. § 5-6-38(a) (noting that a notice of appeal must be filed "within 30 days after entry of the appealable decision or judgment complained of"). Therefore, Petitioner's conviction became final in October 1995, prior to the April 1996 enactment of the AEDPA.

B.  **Application of the Statute of Limitations**

Of key interest here, in the Eleventh Circuit, petitions filed after the enactment date of the AEDPA but attacking convictions which became final prior to that date are subject to a bright-line rule. Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998) (*per curiam*). Prisoners whose convictions became final prior to the effective date of the AEDPA must be given a reasonable time after the statute's enactment to file their motions for habeas corpus relief, and "a reasonable period is until April 23, 1997, one year from the date of enactment of § 105 of the AEDPA." Id. (quoting Goodman v. United States, 151 F.3d 1335, 1337 (11th Cir. 1998)). Thus, prisoners seeking federal habeas corpus relief from a conviction which became final prior to April 24, 1996 must have filed their petition in federal court by April 23, 1997, one year after the effective date of the AEDPA.

Petitioner did not bring the instant federal petition until June 2009, more than twelve years too late. However, the Court recognizes that according to the provisions of 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court. Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003). Nevertheless, by the time Petitioner filed his motion for an out-of-time appeal in 2004, the one-year statute of limitations for filing a federal petition had long since expired. See Williams v. Crist, 239 Fed. App'x 861, 868-69 (11th Cir. Dec. 5, 2006) (noting that a motion for an out-of-time appeal properly filed in state court tolls the AEDPA's statute of limitations) Therefore, this statutory tolling provision of the AEDPA is of no help to Petitioner because he did not commence state post-conviction proceedings until after the one-year period had expired for filing a federal habeas petition. Therefore, no time period remains to be tolled. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce

4

a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)).

However, the AEDPA describes three other situations which may delay or reset its one-year statute of limitations: where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; where the State has created some "impediment" to filing the application; or where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B), (C), and (D) (quoted *supra*). Here, Petitioner fails to argue, and there is nothing in the record to suggest, that any of these other three situations applies to his case. Accordingly, these provisions do not provide any other valid statutory ground for extending the one-year statute of limitations.

C.  **Equitable Tolling and Claims of Actual Innocence**

Of course, the untimeliness of the instant petition under the provisions of the AEDPA may be "excused" if Petitioner demonstrates that he is entitled to equitable tolling. Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, if a petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson

5

v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

Moreover, a claim of actual innocence may warrant consideration of an otherwise untimely federal petition. Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The Eleventh Circuit has described the actual innocence exception as follows:

> This exception is exceedingly narrow in scope, as it concerns a petitioner's "actual" innocence rather than his "legal" innocence. See Calderon v. Thompson, 523 U.S. 538, 559, 118 S. Ct. 1489, 1502-03, 140 L. Ed.2d 728 (1998); Murray [v. Carrier], 477 U.S. [478,] 495-96, 106 S. Ct. at 2649 (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 851, 867, 130 L. Ed.2d 808 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." Calderon, 523 U.S. at 559, 118 S. Ct. at 1502-03 (quoting Schlup, 513 U.S. at 324, 115 S.Ct. at 865) (explaining that "[g]iven the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected" (internal quotation marks omitted)).

Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001).

Here, Petitioner has failed to demonstrate that any extraordinary circumstances, let alone extraordinary circumstances and due diligence on his part, entitle him to equitable tolling of the statute of limitations, and no such argument leaps from the face of the petition. Moreover, Petitioner has failed to argue or provide any evidence suggesting that he can meet the stringent standard necessary to trigger the actual innocence exception. Therefore, neither

6

equitable tolling nor the actual innocence exception are available to extend the AEDPA's one-year statute of limitations.

In sum, because (1) Petitioner's conviction became final in 1995, but the above-captioned petition was filed after April 23, 1997, (2) Petitioner has not pointed to any other valid statutory ground for extending the deadline for filing his federal petition, and (3) Petitioner has not satisfied the requirements for equitable tolling, nor has he presented any arguments to support a claim of actual innocence, Petitioner's § 2254 petition is time-barred by the AEDPA's one-year statute of limitations and should be dismissed as untimely.

### III. CONCLUSION

For the reasons set forth above, the Court **FINDS** that the petition for habeas corpus relief is time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that this § 2254 petition be **DISMISSED** as untimely and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 14th day of July, 2009, at Augusta, Georgia.

*W. Leon Barfield*
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE