IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| COREY EDWARD BLUE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 109-063 |
| | ) |
| WILLIAM TERRY, Warden, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Several of Petitioner's objections merit further discussion, but they do not change the Court's opinion with respect to the Report and Recommendation.

The Magistrate Judge recommended that Petitioner's § 2254 petition be dismissed as untimely because Petitioner's conviction became final before the April 24, 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and Petitioner did not file the instant petition until more than one year after the effective date. (Doc. no. 4, pp. 4-5). The Magistrate Judge further found that Petitioner had not shown that he was entitled to equitable tolling or the benefit of the actual innocence exception. (Id. at 6-7). In his objections, Petitioner contends that his petition is not untimely because his conviction has not yet become final, having never filed a direct appeal. (Doc. no. 6, p. 3). Petitioner was convicted and sentenced on the basis of a guilty plea entered in September 1995 in the Superior Court of McDuffie County. (Doc. no. 1, pp. 3-4). Under the

AEDPA, a conviction becomes final upon "the conclusion of direct review *or the expiration of the time for seeking such review.*" 28 U.S.C. § 2244(d)(1)(A) (emphasis added). Petitioner concedes that no direct appeal was filed in his case, and thus his convictions became final in October 1995, 30 days after the time for filing a notice of appeal expired. See O.C.G.A. § 5-6-38(a). Accordingly, this objection is without merit and is **OVERRULED**.

As to Petitioner's argument regarding statutory tolling, under the AEDPA, the one-year statute of limitations may be tolled, *inter alia*, where the State has created some "impediment" to the filing of the federal petition. 28 U.S.C. § 2244(d)(1)(B). Petitioner contends that his court-appointed attorney's failure to file an appeal constitutes a "state-created impediment" that warrants tolling of the statute of limitations. (Doc. no. 6, p. 4). However, Petitioner does not explain how his attorney's failure to file a direct appeal in state court 14 years ago affected his ability to timely file the instant federal petition. Notably, Petitioner does not contend that his attorney who failed to file an appeal was in any way involved with or gave him any advice regarding the filing of the instant petition. Accordingly, this objection is also **OVERRULED**.

Finally, the Court turns to Petitioner's argument that he is entitled to equitable tolling of the statute of limitations and his request for an evidentiary hearing on this issue. (Doc. no. 6, pp. 5-6). The stringent standard that must be met for Petitioner to be entitled to equitable tolling was set forth fully in the Magistrate Judge's Report and Recommendation. (Doc. no. 4, pp. 5-6). Stated briefly, Petitioner must "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544

U.S. 408, 418 (2005)). In addition, he will not prevail based upon a showing of either extraordinary circumstances or diligence alone; he must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

In the instant case, Petitioner alleges in conclusory fashion that he is entitled to equitable tolling because "he has been pursuing his rights diligently and . . . extraordinary circumstances stood in his way and prevented proper and timely filing," but he provides no details in support of his claim. (Doc. no. 6, p. 5). To the extent Petitioner may be contending that his attorney's failure to file a direct appeal is an extraordinary circumstance, the Court finds this argument unavailing. Indeed, attorney error is generally no basis for equitable tolling. See, e.g., Holland v. Florida, 539 F.3d 1334, 1339 (11th Cir. 2008) (finding that allegations regarding the failure of the petitioner's attorney to communicate with his client were insufficient to entitle the petitioner to equitable tolling, absent "an allegation and proof of bad faith, dishonesty, divided loyalty, mental impairment, or so forth" on the part of the attorney). The Court also notes that in Georgia, "[a] criminal defendant has no unqualified right to file a direct appeal from a judgment of conviction and sentence entered" based on a guilty plea. Smith v. State, 470 S.E.2d 436, 437 (Ga. 1996). Thus, Petitioner has not shown that his attorney's failure to file a direct appeal is an extraordinary circumstance warranting the application of equitable tolling.

Even assuming *arguendo* that extraordinary circumstances exist, Petitioner is required to demonstrate both extraordinary circumstances and due diligence, see Arthur, 452 F.3d at 1252 (citing Pace, 544 U.S. at 418-19), and Petitioner has not alleged any facts demonstrating that he has diligently pursued his rights. Accordingly, the Court finds that Petitioner has failed to establish that he is entitled to the application of equitable tolling.

Given this determination, the Court further finds that no evidentiary hearing is necessary. It is true that in the cases of <u>Hammond v. Frazier</u>, 275 Fed. App'x 896 (11th Cir. 2008) (*per curiam*), and <u>Downs v. McNeil</u>, 520 F.3d 1311 (11th Cir. 2008), which Petitioner cites in support of his request for a hearing, the Eleventh Circuit determined that the district courts should have held an evidentiary hearing to determine whether the petitioners were entitled to equitable tolling. <u>Hammond</u>, 275 Fed. App'x at 897; <u>Downs</u>, 520 F.3d at 1325. However, in both of those cases, the petitioners had alleged facts that, if proven true, would warrant the application of equitable tolling. See <u>Hammond</u>, 275 Fed. App'x at 897; <u>Downs</u>, 520 F.3d at 1325. In the instant case, as discussed extensively above, Petitioner has not asserted any facts that would support his claim that he is entitled to equitable tolling. Therefore, the Court is not persuaded that an evidentiary hearing is warranted. Thus, this objection is also **OVERRULED**.[1]

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, this § 2254 petition is **DISMISSED** as untimely, and this civil action is **CLOSED**.

SO ORDERED this ___ day of September, 2009, at Augusta, Georgia.

J. RANDAL HALL
UNITED STATES DISTRICT JUDGE

---

[1] The remainder of Petitioner's objections are likewise without merit and are also **OVERRULED**.

4